1          **UNITED STATES DISTRICT COURT**

2          **DISTRICT OF NEVADA**

3    Ammar Harris,                              Case No.: 2:22-cv-01231-JAD-EJY

4          Plaintiff

5    v.                                         **Order Resolving Motions**

6    F. Dreesen, et al.                         [ECF Nos. 9, 10, 13]

7          Defendants

8

9          Plaintiff Ammar Harris brings this civil-rights lawsuit to redress constitutional violations

10   he allegedly suffered while he was incarcerated at High Desert State Prison (HDSP) and Ely

11   State Prison (ESP).[1]  After screening the first-amended complaint (FAC), I allowed Harris's First

12   Amendment retaliation claim to proceed against defendants Adams and Gardna and stayed this

13   action for 90 days to allow the parties an opportunity to settle their differences.[2]  Harris moves to

14   exclude this action from mediation.[3]  He objects to the screening order, arguing I overlooked that

15   he alleges a takings claim,[4] and he moves to consolidate this case with two other actions.[5]

16         I construe Harris's objection as a motion to reconsider the screening order, so I take a

17   second look at my prior order with his arguments in mind.  But I find that Harris has not stated a

18   colorable takings claim, so I dismiss that claim without prejudice.  I grant Harris's unopposed

19   motion to exclude this case from mediation.  And I deny his motion to consolidate actions.

20

---

21   [1] ECF No. 7.

     [2] ECF No. 8 at 16–17.
22
     [3] ECF No. 9.

23   [4] ECF No. 10.

     [5] ECF No. 13.

I.      **Discussion**

    A.      **Objection to screening order (ECF No. 10)**

       Harris argues that, in screening the FAC, I overlooked that he alleges a claim under the Takings Clause of the Fifth Amendment.[6]  I construe Harris's objection as a motion under Local Rule LR 59-1 and Federal Rule of Civil Procedure 60(b) seeking reconsideration of the screening order.  "Rule 60(b)(1) of [the Federal Rules of] Civil Procedure provides that the court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect."[7]  Among other things, Nevada Local Rule LR 59-1(a) says that reconsideration may be appropriate if "the court has overlooked or misunderstood" any point of law or fact.

       "The Takings Clause limits the government's ability to confiscate property without paying for it."[8]  "It is 'designed to bar Government from forcing some people alone to bear public burdens [that], in all fairness and justice, should be borne by the public as a whole.'"[9]  To state a claim under the Takings Clause, a plaintiff must allege "the existence of an underlying constitutionally protected property interest."[10]  A plaintiff must also allege that the property was taken for a public purpose.[11]

       To show that he brings a claim under the Takings Clause, Harris points to the part of the FAC in which he alleges that, by failing to provide an adequate grievance process, defendants

---

[6] ECF No. 10.

[7] *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000).

[8] *Vance v. Barrett*, 345 F.3d 1083, 1089 (9th Cir. 2003).

[9] *See id.* (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)).

[10] *Id.* at 1088 n.6.

[11] *Kelo v. City of New London, Conn.*, 545 U.S. 469, 477 (2005).

1  Dreesen, Morin, Johnson #2, and Adams intentionally destroyed his legal property or donated it

2  to ESP's law library without giving him just compensation.[12]  Harris alleges that, in August

3  2020, he received two unauthorized property notifications: one from Morin or Johnson and the

4  other from Adams.[13]  Harris disagreed that the property was not authorized and filed a grievance

5  challenging the notifications "to prevent destruction of legal property and/or donation of said

6  property."[14]  Months later, "Dreesen signed the grievance but failed to follow policy,"

7  specifically "AR 740.01."[15]  Harris learned many months later that his "legal property was

8  intentionally destroyed."[16]

9       These allegations arguably could be construed as attempting to state a claim under the

10  Fourteenth Amendment's Due Process Clause—as I originally construed them—or the Fifth

11  Amendment's Takings Clause.  I therefore grant Harris's motion to reconsider the screening

12  order and I now evaluate whether Harris has alleged a colorable takings claim.

13       He has not.  Harris's general references to his "legal property" do not sufficiently identify

14  the property that defendants took from him.  Nor are those broad allegations enough to show that

15  Harris had a constitutionally protected property interest in that property.  And Harris's

16  allegations that his property might have been donated to ESP's law library when Dreesen failed

17  to follow administrative regulations in responding to Harris's grievance do not plausibly allege

18  that the government took his property for a public purpose.  I thus do not find that the allegations

19

20

---

21  [12] *Id.* at 1 (citing ECF No. 7 at 22, ¶ 77).

    [13] ECF No. 7 at 21, ¶ 75.

22  [14] *Id.*

23  [15] *Id.* at ¶ 76.

    [16] *Id.*

are enough to state a colorable claim under the Fifth Amendment's Takings Clause, so I dismiss that claim without prejudice.

**B.      Motion to exclude case from mediation (ECF No. 9)**

Harris moves to exclude this case from the court's Inmate Mediation Program, arguing that he simply wants to "opt out" of it.[17]  Generally, the party moving to exclude a case from the mediation program must demonstrate why the case is not suitable for mediation.  Harris did not provide a reason why this case is not suitable for mediation, but I am informed that he recently refused to attend a scheduled mediation in another civil-rights action.[18]  And the Nevada Attorney General's Office, which entered a limited notice of appearance on behalf of interested party the Nevada Department of Corrections, has filed notice that it does not oppose Harris's motion.[19]  I find that these circumstances justify excluding this case from mediation, so I grant Harris's motion for that relief.

**C.      Motion to consolidate cases (ECF No. 13)**

Harris moves to consolidate this case with two other civil-rights actions he filed—*Harris v. Ely State Prison Staff*, 3:21-cv-00380-RCJ-CLB and *Harris v. Daniels*, 2:22-cv-00293-CDS-NJK.[20]  Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may" join them for hearing or trial on any or all matters at issue, consolidate the actions, or issue any other order "to avoid unnecessary cost or delay."  Harris argues that these actions "are based on the same or similar claims against the

---

[17] ECF No. 9.

[18] *See Harris v. Daniels*, 2:22-cv-00293-CDS-NJK, at ECF No. 28 (D. Nev. Oct. 21, 2022).

[19] ECF No. 12.

[20] ECF No. 13.

1 | same parties, involving the same property, transaction or event," and consolidation will

2 | "likely . . . save judicial resources."[21]

3 |      In screening the FAC, I found that Harris was pursuing claims in his other actions that he

4 | sought to duplicate in this action.[22]  I found that allegations about the occurrences raised in those

5 | actions were not related to the allegations that are central to this action, and the unrelated

6 | occurrences involve different defendants.  So I dismissed the claims about the occurrences raised

7 | in Harris's other actions as duplicative and improperly joined.[23]

8 |      I am not persuaded that this action shares a common question of law or fact with Harris's

9 | other actions.  Nor I am satisfied that consolidating these actions will save resources.  Indeed,

10 | matters to determine the operative pleading are still pending in *Harris v. Ely State Prison Staff*.[24]

11 | So I deny Harris's motion to consolidate his actions.

12 | **II.**     **Conclusion**

13 |      IT IS THEREFORE ORDERED that Harris's objection **(ECF No. 10) is construed as a**

14 | **motion to reconsider the screening order and GRANTED**.

15 |      IT IS FURTHER ORDERED that the claim under the Fifth Amendment's Takings

16 | Clause is **DISMISSED without prejudice**.

17 |      IT IS FURTHER ORDERED that defendants F. Dreesen, Morin, William Reubart, Mr.

18 | Morin, and Mr. Johnson are **DISMISSED without prejudice from this action**.

19 |

20 |

---

21 | [21] *Id.* at 2.

22 | [22] ECF No. 8 at 6–8.

    | [23] *Id.* at 8.

23 | [24] *Harris v. Ely State Prison Staff*, 3:21-cv-00380-RCJ-CLB, at ECF Nos. 34, 36 (D. Nev. Aug. 19 and Sept. 6, 2022).

IT IS FURTHER ORDERED that Harris's motion to exclude this case from mediation **(ECF No. 9) is GRANTED**. This action will proceed on the litigation track, and the court will enter a subsequent order about it.

IT IS FURTHER ORDERED that Harris's motion to consolidate actions **(ECF No. 13) is DENIED without prejudice**.

Dated: November 15, 2022

_____
U.S. District Judge