1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    Ammar Harris,                                    Case No.: 2:22-cv-01231-JAD-EJY

4           Plaintiff

5    v.                                               **Order Denying Reconsideration of**
                                                      **Screening Order, Overruling Objections to**
6    F. Dreesen, et al.,                              **Order Denying Counsel, and Denying**
                                                      **without Prejudice Motion for Declaratory**
7           Defendants                                **Judgment**

8                                                     [ECF Nos. 18, 24, 28]

9         Plaintiff Ammar Harris brought this civil-rights lawsuit to redress constitutional

10   violations he allegedly suffered while he was incarcerated at High Desert State Prison and Ely

11   State Prison (ESP).[1]  After screening the first-amended complaint (FAC) in September, I allowed

12   Harris's First Amendment retaliation claim to proceed against ESP property officers Adams and

13   Gardna related to Harris's allegations that they mishandled his legal materials, but I dismissed

14   his unrelated claims about a 2020 attack, a 2021 prison transfer, and the treatment of his

15   neurological condition as improperly joined in this action or duplicative of claims in his other

16   lawsuits.[2]  I also dismissed Harris's property-deprivation claim as non-actionable under the

17   Fourteenth Amendment because state post-deprivation remedies exist, and I dismissed his

18   grievance-procedure-violation claim for lack of an actual injury.

19        Harris moved to reconsider that screening order the following month, arguing that I had

20   overlooked a valid takings claim.[3]  I granted that request for reconsideration and took a second

21

22   _____
     [1] ECF No. 7.

23   [2] ECF No. 8 at 16–17.
     [3] ECF No. 10.

1   look at the screening order with his arguments in mind.  But I found that Harris had not stated a

2   colorable takings claim, so I ultimately did not permit that claim to proceed.[4]

3          Harris again moves to reconsider the screening order.[5]  This time, he argues that I applied

4   the wrong legal standard to his deliberate-indifference claims, "omitted some facts,"  and

5   overlooked his supervisor-liability claim.   He also objects to the magistrate judge's denial of his

6   request for the court to appoint counsel to handle his case.  Although Harris's new motion for

7   reconsideration is untimely because it was not filed within a reasonable time after the screening

8   order was issued, I have considered its merits and find that Harris has not stated any valid basis

9   for a second reconsideration, so I deny that motion.  And though the court sympathizes with the

10  challenges he faces in representing himself in this action, Harris has not shown that an

11  appointment of counsel is warranted, so I overrule his objection to the magistrate judge's order

12  denying counsel.  Finally, I deny without prejudice Harris's newly filed motion for declaratory

13  judgment[6] because this motion is far too undeveloped to justify relief.

14                                          **Discussion**

15  **I.      Harris has not demonstrated a valid basis for relief from the screening order.**

16          A district court "possesses the inherent procedural power to reconsider, rescind, or

17  modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has

18  jurisdiction.[7]  A motion to reconsider must set forth "some valid reason why the court should

19

20  _____

21  [4] ECF No. 14.
    [5] ECF No. 18.

22  [6] ECF No. 28.

23  [7] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.
    2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950,
    955 (9th Cir. 2013); Local Rule (L.R.) 59-1.

1 reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[8]

2 Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2)

3 committed clear error or the initial decision was manifestly unjust, or (3) if there is an

4 intervening change in controlling law."[9]

5       Harris identifies three categories (across five enumerated sections) of errors or injustices

6 he perceives in this court's order screening his first-amended complaint.  He first suggests that

7 this court applied the wrong law when evaluating his deliberate-indifference claims, and he

8 offers a string cite of cases with legal standards for such claims.[10]  But this court did not consider

9 the merits of his deliberate-indifference claim at all in the screening order—under these

10 standards or any others.  Those claims were dismissed because "Harris [was] pursuing claims

11 about most of" those same allegations "in other lawsuits," making them improperly duplicative

12 of other cases; or because these claims addressed too many "unrelated occurrences or series of

13 occurrences" involving different defendants, violating this court's joinder rules.[11]  So it doesn't

14 matter which deliberate-indifference case law Harris was relying on here; these claims were

15 dismissed because they were duplicative or improperly joined.  Harris's clarification of which

16 legal authority he was relying on for these claims thus makes no difference to the court's

17 reasoning and does not warrant reconsideration of that dismissal.

18       The second criticism that Harris offers is that "[t]his [c]ourt also omitted some facts"

19 from its screening order.[12]  Those facts relate to what defendants Garda and Adams did with his

20

---

21 [8] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

22 [9] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[10] ECF No. 18 at 2.

23 [11] ECF No. 8 at 7.

[12] ECF No. 18 at 2–3.

3

1  legal materials and the costs he incurred as a result.[13]  These additional or different facts don't

2  necessitate any different ruling because the court already held that Harris could proceed with his

3  First Amendment retaliation claim against Garda and Adams related to these allegations.  So

4  reconsideration of those facts is unnecessary.

5          Harris's third basis for seeking this round of reconsideration is that this court overlooked

6  his supervisor-liability claim, pled as his seventh claim for relief.[14]  He notes that he

7  incorporated into claim seven all of his supporting facts from his other claims "as if fully stated

8  [t]herein."[15]  But this court did not overlook Harris's supervisor-liability theories; it dismissed

9  claim seven along with all the others that were duplicative or improperly joined.[16]

10          Even if the court had considered the merits of Harris's supervisor-liability claim, it would

11  have dismissed it because the law does not permit an inmate to bring a civil-rights claim against

12  a supervisor for a subordinate's constitutional violations.  "A supervisor is only liable for

13  constitutional violations of his subordinates if the supervisor participated in or directed the

14  violations or knew of the violations and failed to act to prevent them."[17]  So, to state a

15

16

17

---

[13] *Id.*

[14] *Id.* at 3 (citing ECF No. 4-1 at 26–28).

[15] *Id.* (citing ECF No. 4-1 at 26).

[16] *See* ECF No. 8 at 8 ("I dismiss defendants State of Nevada, Steven Sisolak, Barbara Cegavske, Aaron Ford, Zack Conine, Charles Daniels, Brian Williams, Sr., Michael Minev, William Gittere, William Reubart, David Drummond, P. Hernandez, Dana Cole, Boyd, Calvin Johnson, Gregory Bryan, Wilson F., and Jaymie Cabrera without prejudice from the FAC because the remaining allegations and claims do not concern them.").

[17] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution").

constitutional claim against a supervisor, a plaintiff must plead true facts showing personal participation by the supervisor.[18]

Harris did not plead such facts. As to these defendants, he offered merely conclusory and lumped-together allegations that "Daniels, Williams, Minev, Gittere, Johnson, and Doe failed to supervise," causing him injury or pain; had "actual and/or constructive knowledge of all incidents that occurred"; "knew of or should have known" of the violations of their subordinates; and "failed to provide adequate security and/or medical care and treatment and/or transportation . . . and/or failed to supervise and/or train and/or control of his subordinates and/or review or investigate if staff error or misconduct was proximate cause and/or discipline and/or neglected their statutory responsibilities . . ."[19] Thus, even if this court had not dismissed this claim for improper joinder and duplication, it would have dismissed it based on Harris's failure to state any true facts establishing a claim against these supervisors. Harris has therefore not established a viable basis to reconsider the dismissal of claim seven.

## II.     The magistrate judge properly denied Harris's request for a court-appointed representative.

Like many inmates who file civil-rights suits, Harris asked the court to find and appoint him free representation.[20] A litigant does not have a constitutional right to appointed counsel in civil-rights lawsuits like this one.[21] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), states that "[t]he court may request an attorney to represent any person unable to afford counsel." Because the court cannot pay for lawyers to represent civil-rights plaintiffs, it

---

[18] *Id.*

[19] ECF No. 4-1 at 26–28.

[20] ECF No. 20.

[21] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

must rely on attorneys to volunteer to accept these assignments on their own time or a *pro bono*

basis.  Few lawyers are willing to take on this responsibility, so this resource is a thin and finite

one.  The court will thus appoint counsel for indigent civil litigants only in "exceptional

circumstances."[22]  "When determining whether 'exceptional circumstances' exist, a court must

consider 'the likelihood of success on the merits as well as the ability of the petitioner to

articulate his claims pro se in light of the complexity of the legal issues involved.'"[23]  "Neither of

these considerations is dispositive and instead must be viewed together."[24]

The magistrate judge denied Harris's motion for the appointment of *pro bono* counsel to

represent him in this retaliation suit because she didn't find exceptional circumstances to warrant

such relief.[25]  She noted that his lack of legal knowledge is "a concern shared by many" litigants

in his position so "does not rise to the standard of exceptional circumstances."[26]  She addressed

his "complaints of difficulty accessing the library" at his facility "and frustration with the

library's legal materials," but found that those common complaints are similarly not

exceptional.[27]  And though Harris pointed to proceedings in his state-court criminal prosecution,

indicating that court's conclusion last April that Harris was not competent to represent himself,

the magistrate judge was "not convinced that any alleged 'traumatic brain injury' has caused

[Harris] difficulty in litigating the instant case," such that counsel must be appointed.[28]  She

---

[22] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

[23] *Id.*

[24] *Id.*

[25] ECF No. 22.

[26] *Id*. at 2.

[27] *Id*.

[28] *Id*. at 2–3.

highlighted that Harris's filings in this case "demonstrate" his "grasp of enough legal knowledge to adequately traverse this case without assistance of counsel."[29]

Harris objects to this denial,[30] but because it was a final determination and not merely a recommendation, I construe Harris's objection as an appeal from that denial.  A district court may reverse a magistrate judge's order on such a non-dispositive matter "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[31]  This standard of review "is significantly deferential" to a magistrate judge's determination[32] and allows the district judge to overturn a magistrate judge's ruling only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[33] or a relevant statute, law, or rule has been omitted or misapplied.[34]

Harris suggests that he wasn't moving for the court to appoint counsel, but rather for it to appoint him a representative under Federal Rule of Civil Procedure (FRCP) 17(c)(2), more like a "next friend."[35]  This clarification doesn't get him any closer to having the court appoint someone to help him with this case.  Although FRCP 17(c)(2) states that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action,"[36] Harris has not shown that he is

---

[29] *Id*. at 3.

[30] ECF No. 24.

[31] L.R. IB 3-1(a).

[32] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[33] *Id.* (internal quotation marks omitted).

[34] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[35] ECF No. 24.

[36] Fed. R. Civ. P. 17(c)(2).

incompetent for purposes of this rule.  Rule 17 provides that an individual's capacity to sue or be sued is determined "by the law of the individual's domicile."[37]  Courts "interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)."[38]  In Nevada, a person is incompetent when he "does not have the present ability" to "understand the nature and purpose of the court proceedings" or "aid and assist" counsel "with a reasonable degree of rational understanding."[39]

The record does not support the conclusion that Harris is an incompetent person for whom the court must appoint a representative under FRCP 17(c)(2).  The state-court minutes that Harris relies on indicate only that the judge in his criminal prosecution found that Harris wasn't competent almost a year ago to fire his criminal attorney and represent himself at his criminal trial.[40]  Although the magistrate judge considered those minutes, she accurately noted that any alleged traumatic brain injury that Harris was suffering from did not appear to be causing him difficulty in this civil case now.[41]  Indeed, a review of Harris's filings in this case reflect that he has a "grasp of enough legal knowledge to adequately traverse this case without assistance of counsel," as the magistrate judge concluded.[42]  His filings are cogent, well-organized, and supported by legal authority.  As a result, I cannot conclude (as Harris suggests[43]) that he will not be competent to supply testimony or affidavits in support of his claims.  And Harris has not

---

[37] Fed. R. Civ. P. 17(b)(1).

[38] *Graham v. Teller Cnty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (quoting *Thomas v. Humfield,* 916 F.2d 1032, 1035 (5th Cir. 1990)).

[39] Nev. Rev. Stat. § 178.400(2).

[40] ECF No. 20 at 7.

[41] ECF No. 22 at 2–3.

[42] *Id*. at 3.

[43] ECF No. 24 at 2.

established that appointing counsel, a guardian ad litem, or a "next friend" would solve that problem if it were to arise.  So whether I consider Harris's motion to appoint a representative to be a request for counsel under 28 U.S.C. § 1915(e)(1) or some other type of representative under FRCP 17(c)(2), I find that the magistrate judge's denial of that motion was not clearly erroneous or contrary to law.[44]  I thus overrule Harris's objection and deny his appeal.

### III.    Harris's motion for declaratory judgment is too undeveloped to allow the court to evaluate its merits.

Finally, I take this opportunity to address and deny without prejudice Harris's recently filed motion for declaratory judgment.[45]  In that two-page motion, Harris asks the court to "grant Declaratory Judgment based on evidence already on file," but he doesn't identify any of that evidence.[46]  When a litigant asks the court to enter a judgment without the need to go to trial—essentially a motion for summary judgment—he "must come forward with evidence [that] would entitle [him] to a directed verdict if the evidence went uncontroverted at trial."[47]  Rule 56(c)(1)(A) explains that this is done "by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory

---

[44] To the extent that Harris wants this court to answer his proposed "question of law" about whether he can present affidavits or sign a legal binding agreement, ECF No. 24 at 3, I find that Harris seeks an advisory opinion on issues that are not yet ripe for this court to determine.  So the court declines Harris's implied request to answer that question.

[45] ECF No. 28.

[46] *Id*. at 2.

[47] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

1   answers, or other materials."[48]  This cannot be accomplished by baldly telling the court to look at

2   prior filings in the case—which is what Harris has done here.  It is the movant's job—not the

3   court's job—to identify and present the evidence that supports the entry of judgment on his

4   claim, and the court will not "scour the record in search of" that evidence.[49]

5          The court recognizes that Harris relies on FRCP 57 to support his motion, which

6   establishes the procedures for seeking a declaratory judgment under 28 U.S.C. § 2201 and says

7   that "[t]he court may order a speedy hearing of a declaratory-judgment action."[50]  But merely

8   including a demand for declaratory relief in a complaint is not the same as establishing one's

9   entitlement to a declaratory judgment under 28 U.S.C. § 2201.  That statute, known as the

10  Declaratory Judgment Act of 1934, "confers a discretion on the courts rather than an absolute

11  right upon the litigant."[51]  And courts have held that declaratory relief is not available in a §

12  1983 claim like Harris's when that relief would only declare that past acts violated the

13  constitution.[52]  Harris's prayer for declaratory relief does exactly that.[53]  So, if Harris believes he

14  is entitled to a declaratory judgment, he must show that *both* the law related to declaratory

15  judgments *and* the facts of this case support his entitlement to that relief.

16         Because it is clear to the court that Harris's motion for declaratory judgment does not

17  comply with the rules for seeking such relief, and to save the defendants and Harris the wasted

18

19

---

20  [48] Fed. R. Civ. P. 56(c)(1)(A) (cleaned up).

21  [49] *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

    [50] Fed. R. Civ. P. 57.

22  [51] *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

23  [52] *See LaTulippe v. Harder*, 574 F. Supp. 3d 870, 884 (D. Or. 2021) (collecting authorities).

    [53] *See* ECF No. 7 at 31, VII (1).

energy of further briefing on this motion as presented,[54] I deny the motion without prejudice to

Harris's ability to file a new and properly supported motion in the future.

### Conclusion

IT IS THEREFORE ORDERED that Harris's motion for reconsideration of ECF No. 8 **[ECF No. 18] is DENIED.**

IT IS FURTHER ORDERED that Harris's objection to the magistrate judge's order denying appointment of counsel **[ECF No. 24] is OVERRULED and DENIED.**

IT IS FURTHER ORDERED that Harris's motion for declaratory judgment **[ECF No. 28] is DENIED** without prejudice to Harris's ability to bring a properly supported and timely future motion.

_____

U.S. District Judge Jennifer A. Dorsey
March 16, 2023

---

[54] Fed. R. Civ. P. 1 (instructing that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").