UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMMAR HARRIS,<br><br>      Plaintiffs,<br><br>v.<br><br>F. DREESEN, et al.,<br><br>      Defendants. | Case No. 2:22-cv-01231-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion … [Request[ing] Referral to the Pro Bono Lawyer Program. ECF No. 40. No response to this Motion was filed.

Plaintiff's Motion details discovery efforts made to date and then argues there are exceptional circumstances supporting his request. *Id*. at 3. Plaintiff says his case is likely to succeed on the merits, he is unable to investigate his case because of his incarceration, the facts will be strongly disputed, he does not have the skills to "deal with conflicting testimony or cross examinations," he relies on other inmates to assist him with discovery, the case involves "complex facts and legal issues," there may be a need for expert witnesses, and the personal motivations of defendants may be at issue. *Id*. at 3-4. The Court notes Plaintiff's Motion is coherent and well written.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff's position is no different than many prisoners who seek counsel. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining that prisoner litigant's lack of a legal

education does not constitute "exceptional circumstances"); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation"). Plaintiff's Motion fails to identify with any specificity exceptional circumstance warranting appointment of counsel. A review of the Screening Order shows Plaintiff has a single First Amendment retaliation claim that is proceeding. ECF No. 8. This single claim is not so complex that it warrants appointment of counsel. *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion … [Request[ing] Referral to the Pro Bono Lawyer Program (ECF No. 40) is DENIED.

Dated this 26th day of July, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE