UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMMAR HARRIS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>F. DREESEN, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01231-JAD-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's identical Motions asking the Court to issue an order to subpoena a non-party witness Reginald Howard who Plaintiff believes has information relevant to his case. ECF Nos. 52 and 54. Because ECF No. 54 is an exact duplicate of ECF No. 52 it is denied as moot and with prejudice.

While a subpoena may command a nonparty to "attend and testify" at a deposition (an interview under oath), Federal Rule of Civil Procedure 45 requires personal service of a subpoena. Here that would mean an order by the Court "[d]irecting the Marshal's Office to expend its resources to personally serve" Mr. Howard, which order the Court will not enter at this time. *Alexander v. Cal. Dep't. of Corr.*, Case No. 2:08-cv-2773 MCE KJN P, 2010 WL 5114931, at *3 (E.D. Cal. Dec. 9, 2010) (internal quotation marks omitted) (citing *Austin v. Winett*, Case No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d)). Further, under Rule 45, subpoenas requiring a non-party's attendance at a deposition requires the party seeking to compel the attendance—here Plaintiff—to tender fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b)(1). 28 U.S.C. § 1821 establishes the current witness fee at $40 a day and $00.65 and 1/2 cents per mile for the witness's travel. The *in forma pauperis* statute does not waive payment of witness fees or expenses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989); *see also Garcia v. Grimm*, Case No. 06-cv-225 WQH (PCL), 2012 WL 216565, at *4 (S.D. Cal. Jan. 23, 2012). In fact, Local Special Rule 1-6 makes clear that "granting of an application to proceed *in forma pauperis* does not relieve the applicant of

the responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915." Thus, Plaintiff must have sufficient funds and the ability to tender witness and mileage fees for Mr. Howard. *See CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) ("Rule 45(c) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena.").

Moreover, Plaintiff is responsible for arranging all aspects of the deposition including securing a location, retaining a court reporter, and payment of the reporter's expenses, if any. *Arellano v. Calderon*, Case No. 22-cv-441-TWR (LR), 2023 WL 3028081, at *3 (S.D. Cal. Apr. 20, 2023) *citing Dalke v. Clark*, Case No. 1:20-cv-00534-AWI-SAB (PC), 2021 WL 4192036, at *1 (E.D. Cal. Sept. 15, 2021). *See also Shepherd v. Neuschmid*, Case No. 2:19-cv-0084 JAM DB P, 2021 WL 1172915, at *7 (E.D. Cal. Mar. 29, 2021) ("Plaintiff's in forma pauperis status does not entitle him to a waiver of any of the costs associated with this form of deposition; instead, he must pay the necessary … court reporter fee, and costs for a transcript"); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

Plaintiff does not state whether he has the funds necessary to pay the mandatory witness and mileage fees let alone the costs associated with a court reporter who is required to attend and transcribe any deposition taken. Plaintiff has not arranged for a court reporter or the location for a deposition. In sum, there is insufficient information available to warrant the service of a subpoena on Mr. Howard for purposes of allowing Plaintiff to question him at a deposition.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion asking the Court to issue a subpoena for Reginald Howard (ECF No. 52) is DENIED without prejudice.

Plaintiff may refile the Motion if he can demonstrate he has the funds necessary to pay the witness and mileage fees, along with fees associated with court reporter fees. Plaintiff must also describe what arrangements he has made or can make to take the deposition of Mr. Howard at the facility in which he is housed.

     IT IS FURTHER ORDERED that Plaintiff's Motion at ECF No. 54 is identical to ECF No. 52 and on that basis is DENIED as moot.

     Dated this 5th day of September, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE