UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

AMMAR HARRIS,

        Plaintiffs,

v.

F. DREESEN, et al.,

        Defendants.

Case No. 2:22-cv-01231-JAD-EJY

**ORDER**

    Pending before the Court is Plaintiff's Motion to Compel Discovery. ECF No. 47. The Court considered the Motion, Defendants' Response (ECF No. 51), and Plaintiff's Reply (ECF No. 55). Through his Motion, Plaintiff seeks to compel production of certain audio and video surveillance captured of Plaintiff on October 13, 2021 (Request for Inspection No. 4); "any and all documents pertaining to Plaintiff generated on October 13, 2021" (Request for Inspection No. 6); and certain employees' personnel files (Request for Production No. 7). ECF No. 47 at 3. Plaintiff also alleges Defendants failed to file an unredacted version of the Nevada Department of Corrections Transportation Manifest Completion Report (the "Transportation Manifest"), and failed to serve Plaintiff with a privilege log. *Id.* at 4.[1]

**I.   Discussion**

    Ordinarily, the Court will not consider a discovery motion if the moving party fails to make "a good-faith effort to meet and confer … before filing the motion," and fails to include a declaration that details the results of the meet and confer process. LR 26-6(c). While Plaintiff did not include such a declaration with his Motion, there is evidence of a meet and confer and Plaintiff's attempt to remedy his failure to provide a declaration by including the same with his Reply. ECF No. 55 at 8.

---

[1]    Plaintiff raises a new argument in his Reply regarding Defendants' failure "to disclose Travis Bradshaw" in their First Amended Second Supplemental Initial Disclosures. ECF No. 55 at 4. "[D]istrict court[s] need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (internal citation omitted). For this reason, the issue of Travis Bradshaw is not discussed herein.

1   Therefore, Plaintiff's efforts substantially comply with the Local Rule and the merits of Plaintiff's

2   Motion are considered below.

3       a.      Request for Inspection No. 4.

4       Defendants' response to Plaintiff's Request for Inspection No. 4 contained an objection on

5   proportionality grounds with no substantive response.  ECF No. 51-1 at 5.  However, in their

6   Response to Plaintiff's Motion, Defendants (1) represent that "[o]n reasonable inquiry, undersigned

7   counsel has been unable to locate any surveillance footage of [Plaintiff]" and (2) state they will

8   supplement their response to Plaintiff's inspection request if necessary.  ECF No. 51 at 8.

9       A party responding to a discovery request "cannot be compelled to produce something that

10   does not exist." *Rodriguez v. Knight*, Case No. 2:19-cv-2552 DB P, 2022 WL 925116, at *7 (E.D.

11   Cal. Mar. 29, 2022), *on reconsideration in part*, Case No. 2:19-cv-02552-DJC-DB, 2023 WL

12   3570612 (E.D. Cal. May 19, 2023).  "While [P]laintiff may be disinclined to trust Defendants'

13   discovery responses, he is in a position no different than any other civil litigant: in the absence of

14   legal or fact-based substantive deficiencies, he is required to accept the responses provided." *Scott*

15   *v. Palmer*, Case No 1:09-cv-1329 LJO SKO (PC), 2014 WL 6685810, at *3 (E.D. Cal. Nov. 26,

16   2014).  Here, Plaintiff insists video responsive to his request exists, but provides no support for this

17   contention.  ECF No. 55 at 7.  Because Defendants cannot be compelled to produce what they do

18   not have, Plaintiff's Motion to Compel a response to Request for Inspection No. 4 is denied.

19   Defendants are nonetheless ordered below to supplement their discovery response to reflect the

20   current state of information available.

21       b.      Request for Inspection No. 6.

22       The Court sets aside technical failures identified by Defendants with respect to Plaintiff's

23   Motion to Compel a response to his Request for Inspection No. 6 because Defendants demonstrate

24   they responded to this Request.  ECF Nos. 51 at 6, 51-1 at 5-6.  Specifically, Plaintiff argues

25   Defendants concede they have "documents that were required to be disclosed pursuant to [the]

26   scheduling order" while seeming to suggest Defendants have not produced those additional

27   documents.  ECF No. 55 at 5.  A review of Defendants response to Request for Inspection No. 6

28   shows they produced Nevada Department of Corrections Administrative Regulation 552, Intra-

Departmental Transfers, effective 05/16/2017, Bates stamped HARRIS 231: Def. Rule 26 Disclosures – 118 – 122.  Plaintiff fails to identify what additional documents are responsive to his Request to Inspect or otherwise how Defendants' production is deficient.  In the absence of such information, Plaintiff provides the Court no basis on which to conclude a further response should be compelled.  For this reason, Plaintiff's Motion to Compel a supplemental response to Request for Inspection No. 6 is denied.

       c.       <u>Request for Production No. 7</u>.

Plaintiff's Request for Production No. 7 seeks "[p]ersonnel files of Carol Garner, Richard Cody Adams, disciplinary infractions, pending litigations, complaints and employment history." ECF No. 51-2 at 6.  Defendants objected to this Request because the information sought is comprised of confidential employment information protected by Nevada Administrative Code ("NAC") 284.718(1)(j).  *Id.*  Defendants further assert "[i]nmates are prohibited from obtaining confidential information about institutional staff."[2]  *Id.*  Plaintiff argues state law regarding confidentiality does not shield these documents from discovery.  ECF No. 55 at 7.

The NAC states: "[i]nformation in the record of employment of a current or former [state] employee which relates to … [t]he employee's performance[, and t]he employee's conduct, including any disciplinary actions taken against the employee" is confidential.  NAC 284.718(1)(j)(1)-(2).  While this code section is clear, "[i]n a civil rights case brought under federal statutes questions of privilege are resolved by federal law" not state law.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987); Fed. R. Evid. 501.  "[F]ederal courts generally should give some weight to privacy rights that are protected by state constitutions and state statutes," but "[i]t … would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities."  *Id.* at 656.  Indeed, "[i]f state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it

---

[2]     Defendants assert boilerplate objections to this request.  ECF No. 51-2 at 6.  The Court rejects these objections because they are unsupported by any explanation or specificity.  *Skye Orthobiologics, LLC v. CTM Biomedical, LLC*, Case No. CV 20-3444 MEMF (PVCx), 2022 WL 17345906, at *5 (C.D. Cal. Oct. 4, 2022).

1   virtually impossible for plaintiffs to develop the kind of information they need to prosecute their

2   federal claims." *Id.*

3          Here, the Court finds the confidentiality interests expressed in NAC 284.718 do not

4   determine whether there are discoverable documents in the personnel files of the individual

5   defendants. *See Manley v. Zimmer*, Case No. 3:11-cv-00636-RCJ-WGC, 2013 WL 5592328, at *12

6   (D. Nev. Oct. 9, 2013).   While federal courts recognize a qualified privilege for "official

7   information" that covers government employee personnel files, the party seeking protection must

8   assert the "official information" privilege before courts will "weigh the potential benefits of

9   disclosure against the potential disadvantages." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-

10  34 (9th Cir.1990) (citation omitted).   As was true in *Manley*, Defendants did not invoke the official

11  information privilege when responding to Plaintiff's Request; but, they did assert privilege under

12  NAC 284.718, which is "essentially asserting the official information privilege over the requested

13  documents." *Manley*, 2013 WL 5592328, at *12.

14         In a conditions of confinement case brought by an inmate under section 1983, defendant

15  parties must adhere to a reasonable privilege protocol.  Defendants asserting privilege must invoke

16  the privilege in its responses to discovery requests and serve with responses a privilege log that

17  adequately states the basis for invoking the privilege (in conformity with Rule 26(b)(5)(A)) so as to

18  enable Plaintiff to review and decide whether there is a basis to challenge the asserted privilege.[3]

19         Defendants did not support their confidentiality assertions with a privilege log despite the

20  requirement to do so plainly stated in the Court's Scheduling Order.  ECF No. 26 at 2.  Defendants

21  must prepare and produce to Plaintiff a privilege log regarding contents of the personnel files to

22  which they believe any privilege (including safety) pertains.  Defendants or their counsel who are

23  officers of this Court, must also ascertain if there are any grievances, disciplines, or other documents

24  relevant and proportional to the needs of this case that the Court should review *in camera* to

25

26  [3]        Ordinarily, if a defendant found it unduly burdensome to prepare and produce a privilege log to the plaintiff
    the defendant could seek a protective order.  Here, the Court is ordering a privilege log to be produced.  Further, a
27  plaintiff is usually entitled to seek disclosure of privileged information after the production of a privilege log if that
    plaintiff determines a privilege does not apply.  Again, the Court's involvement in this process, given Plaintiff's *pro se*
28  inmate status, is to ensure that which is withheld is properly withheld under law and, to the extent there is information
    that should be produced, it is produced so that safety of inmates and employees' safety is maintained.

determine if and how the contents of such documents *might* be shared with Plaintiff in a manner that would not create safety risks for Plaintiff or anyone employed at the prison.  The Order below establishes the timing for completing these mandatory steps.

> d.   <u>Transportation Manifest</u>.

Defendants argue Plaintiff did not serve a request for production or inspection for an unredacted version of the Transportation Manifest rendering Plaintiff's motion to compel discovery procedurally deficient.  ECF No. 51 at 6-7.  However, when "a party fails to make a disclosure required by [Fed. R. Civ. P. 26(a)], any other party may move to compel disclosure."  Fed. R. Civ. P. 37(a)(3)(A).  Plaintiff alleges Defendants failed to provide a privilege log when disclosing the redacted version of the Transportation Manifest—demonstrating the disclosure was deficient. Plaintiff's request to compel disclosure is therefore proper under Fed. R. Civ. P. 37.

Defendants argue the information redacted from the Transportation Manifest, including inmates' names and sentences, is confidential under Nevada Department of Corrections Administrative Regulation ("AR") 569.  This AR states: "[o]nly Departmental and designated contract staff will be permitted … access [to] Departmental record[s] containing inmate information during the normal course of their duties," and "[i]nmates will not be used in the handling of any inmate record or any document designated in an inmate file."  Defendants argue disclosure would pose a risk to inmate safety.  *Id.*  Even assuming inmate safety is at issue, the Court's Scheduling Order, from which Defendants are not excused, requires Defendants to produce a privilege log for the documents withheld.  ECF No. 26 at 2.

Further, in the spirit of the decision in *Manley*, the Court also is requiring Defendants to propose a process by which the names of individual inmates who may be witnesses to events about which Plaintiff complains may be disclosed or in some manner made available to Plaintiff so that he may properly investigate and potentially support his claims.  The Court will, as appropriate, oversee through orders and *in camera* review the process ultimately adopted.  However, as explained above,

neither Nevada's Administrative Code nor Administrative Regulations can be the basis for preventing a civil rights claim from proceeding in this Court.[4]

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 47) is GRANTED in part and DENIED in part.[5]

IT IS FURTHER ORDERED that no later than **November 30, 2023**, Defendants **must** prepare and produce to Plaintiff a privilege log regarding contents of the personnel files to which they believe any privilege (including safety) pertains.

IT IS FURTHER ORDERED that no later than **November 30, 2023**, Defendants **must** ascertain whether there are any grievances, disciplines, or other documents relevant and proportional to the needs of this case that the Court should review *in camera*.  Defendants must file with the Court a list of such documents under seal and not initially served on Plaintiff.

IT IS FURTHER ORDERED that if no documents are determined to be relevant and proportional to the needs of the case, Defendants **must file** two declarations with the Court as follows:  one from the person who has reviewed the records and a second from the Deputy Attorney General who has supervised the process and conferred with the person who reviewed the records. The declarations must state what was reviewed (broadly) and the basis for their determination that nothing is properly disclosed to the Court.  The declarations are not to be filed under seal and must be produced to Plaintiff.

IT IS FURTHER ORDERED that Defendants must supplement their responses to Plaintiff's Requests for Inspection 4 and 7 no later than **November 30, 2023**, mailing the same to Plaintiff.

IT IS FURTHER ORDERED that no later than **November 30, 2023**, Defendants must file with the Court a proposal by which individual inmates who may be witnesses to events about which

---

[4]        Also pending before the Court is Defendants' Motion for Leave to File Sur-Reply (ECF No. 59).  Defendants argue Plaintiff did not raise the request to compel disclosure of the names of inmates who were transported from Ely State Prison to High Desert State Prison on October 13, 2021 until his Reply.  ECF No. 59 at 1-2.  Defendants are incorrect.  ECF No. 47 at 3-4.  Further, Defendants' proposed sur-reply contains arguments included in Defendants' Response.  *Compare* ECF No. 51 at 7.  For these reasons Defendants' Motion to File Sur-Reply is denied.
[5]        The Court recognizes a Motion for Summary Judgment was filed by Defendants on November 3, 2023.  To the extent this Order impacts arguments raised, and to be raised by the parties, the Court will entertain a stipulation to modify the briefing schedule, including permission to supplement the already filed Motion.

Plaintiff complain may be disclosed or in some manner made available to Plaintiff so that he may properly investigate and potentially support his claims.

IT IS FURTHER ORDERED that Defendants' Motion for Leave to File Sur-Reply (ECF No. 59) is DENIED.

Dated this 9th day of November, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE