# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ammar Harris,<br><br>　　　　Plaintiff<br><br>v.<br><br>F. Dreesen, et al.,<br><br>　　　　Defendants | Case No.: 2:22-cv-01231-JAD-EJY<br><br>**Order Denying Motion to Amend Judgment**<br><br>[ECF No. 89] |

In May 2024, the court granted summary judgment to Richard Cody Adams and Carol Gardner on plaintiff Ammar Harris's sole First Amendment retaliation claim, closing Harris's case against these Ely State Prison correctional officers.[1] Harris moves to alter or amend that judgment under Federal Rules of Civil Procedure (FRCP) 52(b) and 59, arguing that the court discounted his declaration as evidence on summary judgment.[2] He repeats the same series of events that he recounted in his summary-judgment briefs, contending that it was clear error to disregard the facts as he experienced them.[3] The defendants respond that the court may disregard his declaration because his statements are merely conclusory.[4] Because Harris has not shown that granting summary judgment for the defendants was clear error, I deny his motion.

---

[1] ECF No. 87.
[2] ECF No. 89 at 1–2.
[3] ECF No. 91 at 2–3.
[4] ECF No. 90 at 3.

1                                               **Discussion**[5]

2 **A.**       **Reconsideration standard**

3       FRCP 52(b) permits a court to "amend its findings—or make additional findings—and []

4 amend the judgment accordingly."[6]  Similarly, FRCP 59(e) allows a court to alter or amend a

5 judgment but in very limited circumstances.[7]  The Ninth Circuit has cautioned against the

6 frequent use of such reconsideration motions, explaining that they "should not be granted, absent

7 highly unusual circumstances."[8]  Reconsideration is only "appropriate under [FRCP] 59(e) if (1)

8 the district court is presented with newly discovered evidence, (2) the district court committed

9 clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening

10 change in controlling law."[9]  This rule does not give parties a chance to relitigate previously

11 decided issues or "raise arguments or present evidence for the first time" that "could reasonably

12 have been raised earlier in the litigation."[10]

---

[5] The parties are familiar with the facts of this case, so I don't repeat them here.  I instead incorporate herein the factual overview contained in my prior order resolving the cross motions for summary judgment in favor of the defendants.  *See* ECF No. 87 at 2–3.

[6] Fed. R. Civ. P. 52(b).

[7] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[8] *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

[9] *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

[10] *Carroll*, 342 F.3d at 945; *see Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d. Cir. 1998)) (explaining that "the purpose of Rule 59" is not to give parties a "forbidden 'second bite at the apple'").

**B.     Harris has not shown that the court clearly erred in granting summary judgment for the defendants.**

Harris argues that the court committed clear error because it failed to consider his declaration when granting summary judgment in the defendants' favor.[11]  He contends that the court must "decide a motion for summary judgment based on the facts" before it, and his declaration contained "facts stated on personal knowledge."[12]  On a motion for summary judgment, a court must treat an affidavit by an individual with personal knowledge as a fact that is genuinely disputed.[13]  But "[i]f the affidavit stated only conclusions, . . . then it would be too conclusory to be cognizable."[14]

Harris points to his accounts of two interactions with Adams and Gardner that he argues the court disregarded.  The first is a conversation while Harris was still in the infirmary in which he told Adams and Gardner that he would file, or had already filed, grievances about his lost property.[15]  The second is the moving-day exchange when Gardner pushed his property into the trash and Harris said, "What are you doing those are my grievances."[16]  Upon Harris's threat to sue them, Gardner responded, "All you scumbags say that, have fun."[17]  Adams then added, "Over property?  You won't win."[18]

---

[11] ECF No. 89 at 2.

[12] *Id.*

[13] *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999).

[14] *Id.*

[15] ECF No. 91 at 2 (citing ECF No. 72 at 6).

[16] *Id.* (citing ECF No. 72 at 7).

[17] *Id.* (citing ECF No. 72 at 7).

[18] *Id.* (citing ECF No. 72 at 7).

Critically, this rendition of events was not included in Harris's declaration; it was merely argued in Harris's briefing. So this court didn't discount or ignore his declaration as evidence.[19] But even liberally construing Harris's account of these exchanges as evidence doesn't change the analysis or outcome. The central failure of Harris's claim was the lack of evidence "that Adams or Gardner's destruction of Harris's property was fueled by a retaliatory motive."[20] And these exchanges that Harris highlights are not evidence that Adams or Gardner destroyed his property *in retaliation for the grievances that he filed*. At most, these statements are evidence that Adams and Gardner were aware that Harris was filing grievances before Gardner pushed his property into the trash. But as I explained in my previous order, timing isn't enough.[21] A retaliation claim cannot rest on the "logical fallacy" that because the adverse action occurred after the protected conduct there must be a causal connection.[22] So this court did not discount or ignore Harris's evidence of a material fact; Harris's two interactions alerting Adams and Gardner to his grievances are not evidence that the destruction of his property was fueled by a retaliatory motive.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Ammar Harris's motion to amend the judgment **[ECF No. 89] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: July 29, 2024

---

[19] *Compare* ECF No. 72 at 6–7 (reply to Harris's motion for summary judgment and response to defendants' motion for summary judgment) *with* ECF No. 53 at 4 (Harris's declaration).

[20] ECF No. 87 at 17 (summary-judgment order).

[21] *Id*.

[22] *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that the "logical fallacy of *post hoc, ergo propter hoc*, literally [means] 'after this, therefore because of this'") (cleaned up).